**DISMISS and Opinion Filed January 20, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-23-00032-CR
_____

## PEDRO AGUSTIN RAMIREZFACIO, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-76421-U**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Nowell

Pedro Agustin Ramirezfacio appeals his conviction for aggravated sexual assault of a child. The record demonstrates we lack jurisdiction over the appeal because the notice of appeal was not timely filed. Accordingly, we dismiss the appeal for want of jurisdiction.

A defendant perfects his appeal by timely filing a written notice of appeal with the trial court clerk. *See* TEX. R. APP. P. 25.2(c). To be timely, the notice of appeal must be filed within thirty days after the date sentence was imposed or within ninety days after sentencing if the defendant timely filed a motion for new trial. *See* TEX.

R. APP. P. 26.2(a). The rules of appellate procedure allow the time to file a notice of appeal to be extended if the party files, within fifteen days of the filing deadline, the notice of appeal in the trial court and a motion to extend the time to file the notice of appeal in the court of appeals. *See* TEX. R. APP. P. 10.5(b), 26.3. In the absence of a timely perfected notice of appeal, the Court must dismiss the appeal for lack of jurisdiction. *Ex parte Castillo*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Here, the trial court imposed sentence on July 21, 2021. Appellant timely moved for a new trial on July 21, 2021, which extended the time for appellant to perfect his appeal to October 19, 2021. TEX. R. APP. P. 26.2(a)(2). Any motion to extend the time to file the notice of appeal would have been due on or before November 3, 2021. *See* TEX. R. APP. P. 26.3. Appellant filed his notice of appeal on either November 1, 2022, or December 14, 2022, depending on whether the November 1, 2022 document is a notice of appeal. Thus, appellant's notice of appeal is not timely, and we lack jurisdiction over this appeal. *Ex parte Castillo*, 369 S.W.3d at 198.

Appellant requests an "out of time" appeal. Although we lack authority to grant such a request, appellant may file an application for a writ of habeas corpus in order to pursue an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

We dismiss this appeal for want of jurisdiction.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47.2(b)
230032F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

PEDRO AGUSTIN
RAMIREZFACIO, Appellant

No. 05-23-00032-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-76421-U.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Kennedy participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered January 20, 2023